UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY B. THOMPSON[1],

                    Petitioner,

        v.

STATE OF WASHINGTON,

                    Respondent.

Case No. C22-1575-RJB-MLP

REPORT AND RECOMMENDATION

Petitioner is a Washington prisoner who is currently confined at the Coyote Creek Corrections Center in Connell, Washington. On November 3, 2022, Petitioner submitted to the Court for filing a series of documents indicating an apparent intent to challenge the State of Washington's assault statute, RCW 9A.36, which he believes violates the Washington State Constitution. (*See* dkt. ## 1, 1-1, 1-2, 1-3.) Specifically, Petitioner asks that the Clerk of this Court certify a question to the Washington Supreme Court, under Washington's Federal Court

---

[1] Petitioner identifies himself in his submissions as Anthony B. Thompson. However, the Washington Department of Corrections ("DOC") prisoner identification number provided by Petitioner, # 724057, corresponds to an inmate named Mark Thomas. A review of Petitioner's prior activity in this Court demonstrates that Anthony B. Thompson and Mark Thomas are the same person. *See Thomas v. Vail*, C09-1182-JLR, dkt. # 5 (federal habeas action wherein Petitioner identifies himself as Mark Thomas and indicates his DOC identification number is # 724057); *Thompson v. United States*, C18-5836-RJB, dkt. # 1-1 (civil action wherein Plaintiff identifies himself as "Anthony-Blane:Thompson," provides a DOC identification number of # 724057, and indicates he was convicted under the name Mark Thomas).

REPORT AND RECOMMENDATION
PAGE - 1

Local Law Certificate Procedure Act, regarding the constitutionality of the assault statute. Petitioner's initial submission included at "Notice," a "Commercial Affidavit," an "Affidavit in Support" of the "Notice," and an "Affidavit of Letter of Credit." (*Id*.)

On November 4, 2022, the Clerk's Office sent Petitioner a letter advising him that his submission was deficient because it did not include the requisite filing fee and because he had not submitted a proper pleading. (Dkt. # 3.) The letter explained that the Court had construed Petitioner's submission as a petition for writ of habeas corpus and that it was providing him with a copy of the Court's standard form for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254, which he should complete and return. (*See id*.) The Clerk also provided Petitioner with a blank application to proceed *in forma pauperis*. (*See id*.) Petitioner was advised that his failure to correct the noted deficiencies by December 5, 2022, could result in dismissal of this action.[2]

On November 21, 2022, the Court received from Petitioner, via regular mail, a document entitled "Notice and Demand Refuse for Cause Without Dishonor UCC 3-501." (Dkt. # 4.) Petitioner stated therein that, among other things, the forms sent to him were improper and were being returned. (*See id*. at 1.) Included in the document was a demand by Petitioner that the Clerk of this Court submit the "federal question" to the Washington Supreme Court "as directed in the initial notice filed," and an assertion that the "Letter of Credit" submitted with his original materials would "cover all fees and cost for services." (*Id*. at 2-3.)

On December 1, 2022, the Court received from Petitioner, again via regular mail, a document which he identified as a "Complaint" being offered in support of his original notice to

---

[2] Petitioner was also advised that as a Washington DOC prisoner he was subject to the mandatory prisoner e-filing program and should file documents electronically. (*See* dkt. # 3.) Petitioner has consistently refused to comply with this requirement. (*Id*.)

REPORT AND RECOMMENDATION
PAGE - 2

the Clerk of Court. (Dkt. # 5.) Petitioner reiterated therein the reasons he believes the Clerk

should certify to the Washington Supreme Court a question regarding the constitutionality of

Washington's assault statute. (*See id*.) On December 16, 2022, the Court received from

Petitioner, via regular mail, a document entitled "Affidavit of Notice of Default" in which he

complains about the manner in which the Clerk has responded to his submissions and claims the

Clerk is therefore "in Default." (Dkt. # 6.) Petitioner also asserts therein that he "is not a party to

any valid contract or compact" with the Clerk which requires him to pay money to the Clerk.

(*See id*. at 2.) This appears to be a reference to the advisement contained in the Clerk's

November 4, 2022, letter that Petitioner must comply with the filing fee requirement in order for

this action to proceed.

Petitioner's suggestion that the "Affidavit of Letter of Credit" he submitted with his

original materials is sufficient to satisfy the filing fee requirement is simply incorrect. Petitioner

was properly advised by the Clerk that there are two ways in which the filing fee requirement

may be satisfied: (1) by paying the $5 filing fee; or (2) by submitting an application to proceed *in

forma pauperis*. (*See* dkt. # 3.) Petitioner steadfastly refuses to do either. Because this action may

not proceed until the filing fee requirement is satisfied, and because Petitioner refuses to take the

steps necessary to satisfy the requirement, this Court recommends that the instant action be

dismissed without prejudice for failure to prosecute. A proposed Order accompanies this Report

and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

and Recommendation is signed. Failure to file objections within the specified time may affect

your right to appeal. Objections should be noted for consideration on the District Judge's

REPORT AND RECOMMENDATION
PAGE - 3

motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 20, 2023**.

DATED this 28th day of December, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4